# 14-2930-CV

## United States Court of Appeals

*for the*

## Second Circuit

LYNN L. BOHNET,

*Plaintiff-Appellant,*

– v. –

VALLEY STREAM UNION FREE SCHOOL DISTRICT 13, ELIZABETH
LISON, CHRISTINE ZERILLO, FRANK HUPLONSKY,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFF-APPELLANT

FAMIGHETTI & WEINICK, PLLC
*Attorneys for Plaintiff-Appellant*
68 South Service Road, Suite 100
Melville, New York 11747
(631) 352-0050

# **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT ..........................................................1

ISSUES PRESENTED..........................................................................1

STATEMENT OF THE CASE ...............................................................3

SUMMARY OF THE ARGUMENT ......................................................9

ARGUMENT ...................................................................................11

  I.  THE PAC STATED PLAUSIBLE CLAIMS FOR RELIEF SO THE
  DISTRICT COURT ABUSED ITS DISCRETION IN DENYING LEAVE TO
  AMEND..........................................................................................11

    A.  The District Court Erred by Requiring the PAC Show "But For" Causation
    Instead of Plausibly Showing an Inference of Discrimination .........................12

    B.  The District Court Overlooked That the Retaliatory Action Happened at
    the Defendants' First Opportunity to Do So ....................................................25

  II.  THE PAC SET FORTH ADDITIONAL SUPPORTING FACTS BUT THE
  COMPLAINT SUFFICIENTLY STATED CAUSES OF ACTION..................26

    A.  The District's Persistent Pattern of Selecting Younger, Less Qualified
    Applicants Instead of Bohnet Plausibly Shows Discriminatory Intent ............26

    B.  Defendant-Appellees Took Action Against Bohnet at the First Opportunity
    After Her Complaint of Discrimination..........................................................28

CONCLUSION ................................................................................29

i

# TABLE OF AUTHORITIES

**Cases**

Abdu Brinson v. Delta Airlines Inc., 239 F.2d 456 (2d Cir. 2001) ........................15

Anand v. N.Y.S. Dep't of Taxation and Finance, 10-CV-5142, 2013 U.S. Dist. LEXIS 104291 (E.D.N.Y. July 25, 2013) ....................................................................20

Anderson News, LLC v. American Media, Inc. 680 F.3d 162 (2d Cir. 2012 .........13

Arar v. Ashcroft, 585 F.3d 559 (2d Cir. 2009) ........................................................13

Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252 (1977) ......23

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................... 12, 13

Bohnet v. Valley Stream Union Free Sch. Dist., 12-CV-1989, 2014 U.S. Dist. LEXIS 95495 (E.D.N.Y. July 14, 2014) ................................................................3

Boykin v. KeyCorp., 521 F.3d 202 (2d Cir. 2008)...................................................18

Brown v. Daikin AM., Inc., 756 F.3d 219, 228-29 (2d Cir. 2014)............. 14, 16, 21

Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119 (2d Cir. 2012)........24

Chacko v. Worldwide Flight Servs., 08-CV-2363, 2010 U.S. Dist. LEXIS 9103, *12 (E.D.N.Y. Feb. 3, 2010) ..............................................................................19

Chambers v. TRM Copy Centers Corp., 43 F.3d 29 (2d Cir. 1994) ......................15

Cleveland v. Caplaw Enterprises, 448 F.3d 518 (2d Cir. 2006)..............................26

Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033 (2d Cir. 1993) ...........................23

Cruz v. Coach Stores, Inc., 202 F.3d 560 (2d Cir. 2000) .......................................16

Curcio v. Roosevelt Union Free Sch. Dist., 10-CV-5612, 2012 WL 3646935 (E.D.N.Y. Aug. 22, 2012) ................................................................................24

D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193 (2d Cir. 2007) .......................17

Dister v. Continental Group, Inc., 859 F.2d 1108 (2d Cir. 1988) ..........................15

Espinal v. Goord, 558 F.3d 119, 129-30 (2d Cir. 2009)..........................................24

Fagan v. U.S. Carpet Installation, Inc., 770 F. Supp. 2d 490 (E.D.N.Y. 2011) ......14

Gordon v. New York City Bd. of Educ., 232 F.3d 111 (2d Cir. 2000)...................23

Gorzynski v. Jetblue Airways Corp., 596 F.3d 93 (2d Cir. 2010)................... 14, 16

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) ...............................................13

Hedges v. Town of Madison, 456 Fed. Appx. 22 (2d Cir. 2012) ...........................14

Hollander v. American Cyanamid Co., 172 F.3d 192 (2d Cir. 1999) ....................18

Hooda v. Brookhaven Science Assoc., LLC, 08-CV-3403, 2011 U.S. Dist. LEXIS
    100963 (E.D.N.Y. Sept. 2, 2011) .................................................. 20, 21

Hrsinko v. N.Y.C. Dep't of Educ., 369 Fed. Appx. 232 (2d Cir. 2010)................14

Kassner v 2d Ave. Deli., 496 F. 3d 229 (2d Cir. 2007)............................................11

Kwan v. Andalex Group LLC, 737 F.3d 834 (2d Cir. 2013) ................................15

Mandel v. County of Suffolk, 316 F.3d 368 (2d Cir. 2003) ...................................15

Maresco v. Evans Chemetics, 964 F.2d 106 (2d Cir. 1992)...................................15

Peter F. Gaito Architecture v. Simone Dev. Corp., 602 F.3d 57 (2d Cir. 2010).....13

Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).....................15

Ricciuti v. NYC Trans. Auth., 941 F.2d 119 (2d Cir. 1991) .................................26

Summa v. Hofstra Univ., 708 F.3d 115 (2d Cir. 2013) ................................... 24, 25

Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002)................................. 14, 16, 19

Willman v. Zelman & Assoc., 11 civ. 1216 2012 U.S. Dist. LEXIS 35246
    (S.D.N.Y. Mar. 12. 2012)...................................................................20

## JURISDICTIONAL STATEMENT

This action was brought in the United States District Court, Eastern District of New York, asserting claims under the Age Discrimination in Employment Act ("ADEA"), the Fourteenth Amendment to the United States Constitution (as enforced by 42 U.S.C. § 1983 ("Section 1983")), and the New York State Human Rights Law ("NYSHRL"). The ADEA and Section 1983 claims were brought against the Valley Stream Union Free School District 13 (the "District"). Section 1983 claims and NYSHRL claims were brought against individual defendants, Elizabeth Lison, Christine Zerillo, and Frank Huplonsky. The District Court had subject matter jurisdiction over the Federal claims (ADEA and Section 1983) pursuant to 28 U.S.C. § 1331. The District Court had subject matter jurisdiction over the State claim (NYSHRL), pursuant to 28 U.S.C. § 1367.

This appeal is from a final judgment of dismissal, dated July 16, 2014, based on the memorandum and order of Honorable Denis R. Hurley, dated July 14, 2014, which disposed of all of Plaintiff-Appellant's claims pursuant to FED. R. CIV. P. 12(b)(6). (A.55). Notice of Appeal was timely filed on August 13, 2014. FED. R. APP. P. 3 and 4. (A.4, 42). This Court's jurisdiction is based on 28 U.S.C. § 1291.

## ISSUES PRESENTED

1. Did the District Court improperly apply the standards set forth in Ashcroft v. Iqbal and find futile the age discrimination claim in Plaintiff-Appellant's

Proposed Amended Complaint by holding that Plaintiff-Appellant could not prove that "but for" her age, Defendant-Appellees would have hired her to a tenure track position?

2. Did the District Court improperly find futile the retaliation claim in Plaintiff-Appellant's Proposed Amended Complaint by holding that six months between the protected activity and the adverse action was too temporally attenuated to show causation?

3. Did the District Court improperly apply the standards set forth in Ashcroft v. Iqbal and dismiss Plaintiff-Appellant's age discrimination claim by holding that Plaintiff-Appellant could not prove that "but for" her age, Defendant-Appellees would have hired her to a tenure track position?

4. Did the District Court improperly dismiss the retaliation claim in Plaintiff-Appellant's Complaint by holding that six months between the protected activity and the adverse action was too temporally attenuated to show causation?

# STATEMENT OF THE CASE

## *Local Rule 28.1 Statement*

This is an age discrimination and retaliation case brought under the ADEA, Section 1983, and the NYSHRL.  Below, the Honorable Denis R. Hurley rendered a decision dismissing all of Plaintiff-Appellant's claims and denying Plaintiff-Appellant's motion for leave to amend the complaint.  <u>Bohnet v. Valley Stream Union Free Sch. Dist.</u>, 12-CV-1989, 2014 U.S. Dist. LEXIS 95495 (E.D.N.Y. July 14, 2014).

## *Facts as Plead in the Proposed Amended Complaint ("PAC")*[1]

Bohnet was born on May 3, 1962 and was, at all times relevant for purposes of this action, a female over the age of 40.  (A.20 ¶ 11).  Bohnet holds a permanent teaching certificate for multiple grade levels, including pre-kindergarten, kindergarten, and elementary education.  (A.20 ¶ 11A).

In January 2005, the District hired Bohnet as a leave replacement teacher. (A.20 ¶ 12).  A leave replacement teacher works temporarily in a position vacated by a permanent teacher on a leave of absence, so the replacement teacher's employment ends when the permanent teacher returns from leave.  (A.20 ¶¶ 13, 14).  Throughout the time she worked for the District, Bohnet performed her duties

---

[1] In reaching its decision, the District Court reviewed the facts as pled in the PAC. Therefore, Plaintiff-appellant's arguments herein will also rely on the facts as pled in the PAC, before briefly showing why the Complaint was also adequately pled.

in exemplary manner and received outstanding evaluations and observations from the District's principals. (A.21 ¶ 14A, 14B). At all relevant times, Lison was the District's Superintendent, and Zerillo and Huplonsky were school principals. (A.18-19).

At the start of the 2006/07 school year, the District, by Zerillo, hired Bohnet for a sixth grade leave replacement position at the Wheeler Avenue School. (A.21 ¶ 15). Also at that time, Bohnet applied for three permanent teaching positions (tenure track positions). (A.21 ¶ 16). Bohnet was not hired or interviewed for any of the positions and the District hired applicants who were under the age of 40. (A.21 ¶ 17). At that time, Bohnet was 44 years old, thus, the applicant who was hired was at least five years younger than Bohnet. (See A.20-21 ¶ 11, 16, 17).

Towards the end of the 2006/07 school year, Bohnet applied for another tenure track position at the Willow Avenue School. (A.21 ¶ 18). The District did not hire Bohnet for the position; rather, it selected an applicant for the permanent position who was under the age of 40 and hired Bohnet for another leave replacement position for the following school year. (A.21 ¶ 19). Thus, the applicant selected was, at the very least, six years younger than Bohnet. (See A.20-21 ¶¶ 11, 18, 19).

Between June 2008 and July 2008, Bohnet applied for three more tenure track positions – one at the James A. Dever School, one at the Wheeler Avenue

School, and one at the Howell Road School.  (A.21-22 ¶¶ 20-21).  Once again, the District selected applicants who were under the age of 40 (at least seven years younger than Bohnet) for the three tenure track positions and hired Bohnet as a permanent substitute (i.e. leave replacement position) for the 2008/09 school year. (A.20-22 ¶ 11, 22-23).

In fall 2008, Bohnet met with Zerillo, the principal of Wheeler Avenue, to ask why the District would not hire Bohnet for a permanent position.  (A.22 ¶ 24-25).  Zerillo alleged that Bohnet did not interview well, but also said that Bohnet was "highly qualified" and that she should be hired for the next open position. (A.22 ¶ 25).

In December 2008, Bohnet applied for a Howell Road School tenure track position.  (A.23 ¶ 26).  Yet again, the District hired a younger applicant under the age of 40 (at least seven years younger), instead of Bohnet.  (A.23. ¶ 27).  Further, the applicant who was hired did not have a permanent teaching certificate whereas Bohnet did.  (A.23 ¶ 27A).

In December 2008, Bohnet complained to Superintendent Lison that the District's hiring process favored younger applicants.  (A.23 ¶ 28).  Lison said that the hiring decisions are made by school principals so Bohnet should try working in different schools so that the different principals could "get to know" Bohnet. (A.23 ¶ 29).  Taking Lison's advice, Bohnet spoke with Principals Zerillo and

Huplonsky immediately after her meeting with Lison.  (A.23 ¶ 29A).  Zerillo

assured Bohnet that she would "always have a permanent substitute position[2] at

Wheeler Avenue."   (A.23 ¶ 29B (emphasis added)).   Then, Huplonsky hired

Bohnet to a leave replacement position in the Howell Road School.  (A.24 ¶ 30).

At the end of the 2008/09 school year, Bohnet applied and interviewed for a

tenure track position at Howell Road.   (A.24 ¶ 31).   The District did not hire

Bohnet, selecting instead, an applicant under the age of 40, who had less

experience than Bohnet, and who did not have a permanent teaching certificate.

(A.24 ¶ 31).  The applicant was, at the least, eight years younger than Bohnet.

(A.20, 24 ¶¶ 11, 31).

For the following 2009/10 school year, approximately six permanent

substitute positions (leave replacement positions) where open at Wheeler Avenue.

(A.24 ¶ 32).  In June 2009, nearly six months after Bohnet's complaint of age

discrimination, Bohnet asked Zerillo to be considered for one of these six

positions.  (A.24 ¶ 33).  Zerillo did not hire Bohnet.  (A.24 ¶ 33).  Instead, she

hired  younger,  less  qualified  applicants  who  did  not  complain  about

discrimination.  (A.24 ¶ 33).  All six applicants were at least eight years younger

than Bohnet.  (A.20, 24 ¶¶ 11, 33).

---

[2] A "permanent" substitute position is a leave replacement position.

Since her complaint, Bohnet has not been hired to any other leave replacement position. Rather, Bohnet has worked per diem assignments as a substitute teacher working only "as needed," instead of daily. (A.25 ¶ 36). Also, she no longer receives a salary; she is paid a daily rate of pay which is substantially less than if she were salaried. (A.25 ¶ 36).

Between March and May 2010, Bohnet applied for three tenure track positions, but the District selected applicants who were at least eight to nine years younger than Bohnet and did not hold permanent teaching certificates. (A.25 ¶ 37). Then, in August 2010, Bohnet filed an EEOC complaint. (A.26 ¶ 39.D)

For the 2011/12 school year, the District hired three leave replacement teachers for unadvertised positions. (A.25 ¶ 38). Again, Zerillo had previously told Bohnet that she would be hired to the next open position. Instead, the District hired teachers who were all under the age of 40 whereas Bohnet was 49. (A.25 ¶ 38).

In October 2011, Bohnet applied for a tenure track position at Howell Road. (A.26 ¶ 38A). Huplonsky hired a teacher at least nine years younger than Bohnet and who did not hold a permanent teaching certificate. (A.26 ¶ 38B). Moreover, before complaining about discrimination, Bohnet had been hired to teach a leave replacement position at Howell Road and received outstanding evaluations while teaching there. (A.25 ¶ 38A).

7

In June and July 2012, Bohnet applied for five leave replacement and tenure track positions with the District. (A.26 ¶ 38C). She was not hired or interviewed for any of the positions, meaning that since her 2010 EEOC complaint, she was not hired for or interviewed for any position to which she applied with the District. (A.26 ¶ 38C-38D).

## *Procedural History*

On August 19, 2010, Plaintiff-Appellant filed a charge of discrimination with the EEOC. (A.18 ¶ 5). Plaintiff-Appellant received a right to sue notice from the EEOC dated February 24, 2012. (A.18 ¶ 5). On April 24, 2012, Plaintiff-Appellant filed a Complaint in the Eastern District of New York. (A.6). On January 21, 2013, the parties submitted to the District Court Defendant-Appellees' fully briefed motion to dismiss and Plaintiff-Appellant's fully briefed cross-motion to amend the Complaint which included the PAC. (A.3-4). Discovery did not proceed while the motion was pending. (See generally A.1-5).

## *Decision Below*

On July 14, 2014, Honorable Denis R. Hurley issued a memorandum and order granting Defendant-Appellees' motion to dismiss and denying Plaintiff-Appellant's cross-motion. (A.29-40). The District Court determined that the PAC included all the facts from the original Complaint and reasoned that if the PAC failed to state a claim, so too does the Complaint. (A.34-35). After analyzing the

PAC's facts, the Court held that the PAC failed to allege sufficient facts that Defendant-Appellants would have hired her "but for" her age so amendment was futile.  It further held that the PAC did not plausibly state a retaliation claim because the adverse action occurred six months after the protected activity.  (A.38).  Because it found the PAC did not state claims, the Court denied leave to amend as futile and granted dismissal of the complaint.  (A.40).

## SUMMARY OF THE ARGUMENT

The facts and inferences reasonably drawn from the PAC plausibly establish that Defendant-Appellees discriminated against Bohnet on the basis of her age by showing a persistent pattern of Defendant-Appellees hiring for tenure track teaching positions, younger, less qualified candidates, as compared to Bohnet.  While the tenure track positions were consistently awarded to the younger candidates, Bohnet was relegated to leave replacement teaching positions.

The PAC reasonably infers that the age differences between Bohnet and the comparators was at least five years apart and, in some cases, at least nine years.  Discovery may reveal the exact age differences to be significantly more.  The PAC details at least eighteen such instances where Bohnet was not hired to the tenure track position.  Further, the PAC details differences in qualifications.  For instance, whereas Bohnet held a permanent teaching certificate, some comparators did not.

Also, Bohnet had many years of experience teaching in the District whereas some candidates had no such experience.

Moreover, the PAC alleges that a decision maker, Zerillo, described Bohnet as highly qualified. Indeed, Zerillo thought Bohnet was so highly qualified that she should have been hired to the next available tenure track position. However, when Bohnet applied to that next open position, the District hired a candidate eight years younger than Bohnet and who did not hold a permanent teaching position. Just this one instance plausibly shows age discrimination. Although Bohnet was told she should have been hired to the next position, when a candidate, at least eight years younger than Bohnet also applied, the position was given to the younger candidate. Accordingly, by showing a consistent hiring practice favoring younger candidates for tenure positions, as well as specific individual examples of younger, less qualified candidates being hired instead of Bohnet, who was described by a decision maker as highly qualified, the PAC sets forth a plausible claim of age discrimination.

Further, before complaining about the District's discriminatory hiring practices, Zerillo promised Bohnet that Bohnet would always have a leave replacement position at her school. However, after complaining, six such positions were available at Zerillo's school. Bohnet applied for the positions, but, Zerillo instead hired teachers at least eight years younger than Bohnet who did not

10

complain about discrimination.  Although she applied approximately six months after her complaint, this was the first time after Bohnet's complaint that Zerillo had an opportunity to make an employment decision related to Bohnet.  Accordingly, based on Zerillo's promise and her reneging on the promise at her first opportunity to do so after the complaint, the PAC plausibly states a retaliation claim.

## ARGUMENT

### I.  THE PAC STATED PLAUSIBLE CLAIMS FOR RELIEF SO THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING LEAVE TO AMEND

A district court's decision to deny leave to amend a complaint is reviewed for abuse of discretion. Kassner v 2d Ave. Deli.,  496 F. 3d 229, 242 (2d Cir. 2007) (citations omitted).  However, this Court reviews *de novo* conclusions of law made by the District Court in deciding the motion to amend.  Id.  (citations omitted).  Thus, a District Court's denial of a motion to amend a complaint should be reversed if, upon a *de novo* review, the District Court erroneously held that amendment would be futile because the proposed amended complaint could not state a claim for relief.  See id.

Here, the District Court found that the PAC contained all the facts of the original complaint plus additional facts.  Therefore, it reasoned that if the PAC was insufficiently plead, so too would be the complaint.  The District Court found that the PAC did not state a claim for relief on either the age discrimination or

retaliation claims so it denied leave to amend and dismissed the action. As discussed below, the determination that the PAC did not state claims was an erroneous conclusion of law because the Court applied an evidentiary standard instead of a pleading standard, failed to draw appropriate factual inferences from the allegations, and overlooked specifically pleaded facts which support inferences of discrimination and retaliation.

### A.    The District Court Erred by Requiring the PAC Show "But For" Causation Instead of Plausibly Showing an Inference of Discrimination

Motions to dismiss are reviewed under the standard set forth by the Supreme Court in Ashcraft v. Iqbal, 556 U.S. 662 (2009). Under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As this Court has explained:

> we apply a "plausibility standard," which is guided by "[t]wo working principles," First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-

> specific task that requires the reviewing court to draw on
> its judicial experience and common sense."

Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (citations omitted).

The test, in short, is whether the specific factual allegations in the complaint are sufficient "to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555. The traditional requirements that the Court "draw all reasonable inferences in the plaintiff's favor and accepts as true the facts alleged in the complaint" remain, even in the wake of Twombly and Iqbal. Arar v. Ashcroft, 585 F.3d 559, 567 (2d Cir. 2009). Notably, even under this standard, "Rule 12(b)(6) does not countenance dismissals based on a court's disbelief of a complaint's factual allegations." Twombly, 550 U.S. at 566; Anderson News, LLC v. American Media, Inc. 680 F.3d 162, 185 (2d Cir. 2012) (citations omitted). The standard is whether the plaintiff is "entitled to offer evidence" to support his claim, not whether he is ultimately likely to prevail. Peter F. Gaito Architecture v. Simone Dev. Corp., 602 F.3d 57, 65 (2d Cir. 2010) (emphasis added). As explained below, the District Court erred by imposing an evidentiary standard instead of the Iqbal pleading standard.

> **i.    An Inference of Discrimination is Established by the Persistent Disparate Treatment Between the "Highly Qualified" Bohnet and the Comparators**

Discrimination complaints need not state a *prima facie* case to withstand a motion to dismiss, but a *prima facie* case provides an analytical framework for

Courts to review such complaints. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-13 (2002) ("an employment discrimination complaint need not include such facts [establishing a *prima facie* case] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief'"); See also Brown v. Daikin AM., Inc., 756 F.3d 219, 228-29 (2d Cir. 2014) (noting (1) skepticism of the suggestion that discrimination complaints must set forth a *prima facie* case, (2) that Twombly reaffirmed Swierkiewicz and (3) this Court applied Swierkiewicz in a summary order, post Iqbal); Hedges v. Town of Madison, 456 Fed. Appx. 22 (2d Cir. 2012).

To state a *prima facie* case of age discrimination under the ADEA,[3] a plaintiff "must show (1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced an adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 106-107 (2d Cir. 2010) (citation omitted). Here, the District Court dismissed the age discrimination claims because of its determination that the PAC did not

---

[3] Age discrimination claims were also brought pursuant to Section 1983 and the New York Human Rights Law. Such claims are analyzed the same as the ADEA so for the reasons explained herein, they should not have been dismissed. Fagan v. U.S. Carpet Installation, Inc., 770 F. Supp. 2d 490, 494-95 (E.D.N.Y. 2011); See Hrsinko v. N.Y.C. Dep't of Educ., 369 Fed. Appx. 232, 234 (2d Cir. 2010).

sufficiently allege the fourth element, i.e. causation.  Accordingly, the causation element is discussed below.

Direct evidence proving whether Plaintiff's age caused the employment action is difficult to find because those who discriminate deliberately try to conceal their discriminatory intent. Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994).  Moreover, discriminatory intent will rarely be demonstrated by "smoking gun" proof.  Rather, in most discrimination cases direct evidence of the employer's motivation is unavailable.  Dister v. Continental Group, Inc., 859 F.2d 1108, 1112 (2d Cir. 1988).  Therefore, plaintiffs need not allege direct evidence to demonstrate that age caused the adverse employment actions.  See Maresco v. Evans Chemetics, 964 F.2d 106, 110 (2d Cir. 1992).

There are many different ways to show a discriminatory motive.  The most common way of proving discrimination is to show that preferential treatment was given to employees outside the protected class. Mandel v. County of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003); Abdu Brinson v. Delta Airlines Inc., 239 F.2d 456, 468 (2d Cir. 2001) ("disparate treatment is the essence of discrimination"). Evidence of a discriminatory motive can be established by demonstrating that the reasons given for a particular action were pre-textual.  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147 (2000);  See also Kwan v. Andalex Group LLC, 737 F.3d 834, 846 (2d Cir. 2013) (evidence of "weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered

legitimate" may be used to support an inference of discrimination). These are all factors, among others, that may be considered in determining whether Plaintiff's age caused the adverse decisions. The inquiry is not limited to the aforementioned factors. Rather, Courts must consider the working environment as a whole. <u>Cruz v. Coach Stores, Inc</u>., 202 F.3d 560, 570 (2d Cir. 2000).

In <u>Gorzynski</u>, this Court found that the plaintiff set forth a *prima facie* case of age discrimination where the plaintiff alleged that she was over the age of 40, was qualified for her position, and was replaced by a younger applicant. 596 F.3d at 107. The plaintiff also produced evidence of an age-based comment, but the Court did not rely on that fact in finding that plaintiff stated a *prima facie* case. <u>Id</u>. Rather, the Court relied solely on the disparate treatment. <u>Id</u>. The Court found the age-based comment helped the plaintiff overcome the defendant's business reason, which is not required of a plaintiff on a motion to dismiss. <u>Id</u>. at 109; <u>See also</u> <u>Swierkiewicz</u>, 534 U.S. at 512-13 ("It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered."); <u>Brown</u>, 756 F.3d at 230 (validity of a business reason is not appropriately decided on a motion to dismiss for failure to state a claim).

16

Similarly, in <u>D'Cunha v. Genovese/Eckerd Corp.</u>, this Court held that the plaintiff, 49 and 50 years old at the time of the adverse actions, produced sufficient evidence for a *prima facie* case of age discrimination where two younger applicants, aged 47 and 42, were selected for the position instead of the plaintiff. 479 F.3d 193, 194 (2d Cir. 2007).  Thus, in <u>D'Cunha</u>, a *prima facie* case was met where the selected applicants were within the same protected class, but were younger than the plaintiff.  <u>Id</u>.  ("this difference in age – though not large – is sufficient to support an inference in [plaintiff's] favor.").

Here, the PAC similarly sets forth evidence of disparate treatment of younger applicants, thus, the PAC sets forth a *prima facie* case of age discrimination.  The PAC alleges that on no less than eighteen occasions, a younger, less qualified individual was hired for a tenure track position for which Bohnet was not hired and for which she was "highly qualified."  (A.21-29 ¶¶ 16-22, 25, 27, 31-33, 37-38).  To support the allegation that she was "highly qualified," the PAC alleges specific facts that a District principal, Zerillo, told Bohnet that she was highly qualified and that she should be hired to the next available position in the District.  (A.22 ¶ 25).  It further alleges that Bohnet consistently received outstanding evaluations and observations. (A.21, 23 ¶¶ 14A, 14B, 29B).  As compared to Bohnet, the PAC alleges that some of Bohnet's

comparators did not hold a permanent teaching certificate or lacked teaching experience in the District. (A.24,25 ¶¶ 31, 33, 37, 38).

Further, the District repeatedly hired Bohnet to leave replacement positions. (A.21-29 ¶¶ 16-22, 25, 27, 31-33, 37-38). It is not plausible that Bohnet was not highly qualified to teach in the District's classrooms since it repeatedly hired her to teach in leave replacement positions. (See discussion, *infra*, Section II.A).

Despite these qualifications and Zerillo's statement that Bohnet should be hired to a tenure track position, the District repeatedly selected applicants who were under the age of 40[4] for the tenure track positions while putting Bohnet in leave replacement positions. (A.24). The PAC sets forth that there was an age difference of least five years and, in some instances, at least nine years, between

---

[4] The PAC alleges the comparator's age "upon information and belief." Although a plaintiff may not have first hand knowledge of a comparator's age, it is reasonable and plausible that a plaintiff could use her life experience to form a belief as to a comparator's age (as could defendants in making their employment decisions) and that, if the comparator's age is proven to be under 40, such disparate treatment of an individual outside of the plaintiff's protected class could allow a juror to infer discrimination. See Boykin v. KeyCorp., 521 F.3d 202, 215 (2d Cir. 2008) (pleading upon information and belief acceptable when information is another's control). Further, this is not a case alleging just one instance of a younger comparator being selected. The complaint details no less than eighteen occasions where a younger applicant is selected and does not allege one instance where an older applicant is selected. So, although a large difference in age may be required in situations where only one decision is challenged, where an older applicant is repeatedly denied a job over younger applicants, an inference of discrimination may appropriately be drawn. See Hollander v. American Cyanamid Co., 172 F.3d 192, 199 (2d Cir. 1999) (*prima facie* case met with evidence that one of the 58 year old plaintiff's replacements was eight months younger and the other eleven years younger).

Bohnet and the comparator. (A.20-21, 26 ¶¶ 11, 16, 17, 38B). Such age differences are not insignificant.

Accordingly, the Complaint gives defendants notice about specific factual incidents giving rise to the discrimination claim. Moreover, it is plausible, given the extent to which Bohnet was passed over in favor of applicants outside the protected class and her high qualifications for the positions, that the reason for the selections was her age. A jury could readily infer discrimination reason from these allegations, let alone the further facts which may be established during discovery.

### ii.    The District Court Erred By Requiring a Showing of "But For" Causation

The District Court held that the PAC lacked the specificity required to show that "'but for' her age at a given time . . . she would have been hired." (A.35). Plaintiff-Appellant does not dispute that to prove her case to a jury she must show, by a preponderance of the evidence, that age was the "but for" reason for the adverse actions. However, "but-for" is an evidentiary standard required to ultimately prove an age discrimination case and not a pleading requirement. Swierkiewicz, 534 U.S. at 512-13; Brown, 756 F.3d at 229-30; Chacko v. Worldwide Flight Servs., 08-CV-2363, 2010 U.S. Dist. LEXIS 9103, *12 (E.D.N.Y. Feb. 3, 2010) ("Proof standards are analytically distinct from both pleading requirements and from the elements of a plaintiff's *prima facie* case"). District Courts in this Circuit have consistently held that complaints alleging age

19

discrimination are sufficiently plead with allegations that a qualified plaintiff was not hired or promoted and that the employer selected a younger, less qualified applicant. E.g. Anand v. N.Y.S. Dep't of Taxation and Finance, 10-CV-5142, 2013 U.S. Dist. LEXIS 104291, *11-13 (E.D.N.Y. July 25, 2013) (complaint stated age discrimination claim with allegation that plaintiff was not promoted but two younger less qualified applicants were promoted and further noting that "[o]ther courts in this Circuit have held that the fact that a position was given to someone younger and less qualified may give rise to a *prima facie* inference of discrimination" (citations omitted));  Willman v. Zelman & Assoc., 11 civ. 1216 2012 U.S. Dist. LEXIS 35246, * 8-9 (S.D.N.Y. Mar. 12. 2012) (plaintiff was replaced with "a younger and less-qualified colleague" and noting Court has doubts about whether plaintiff will ultimately withstand but-for test but complaint sufficiently stated a claim); Hooda v. Brookhaven Science Assoc., LLC, 08-CV-3403, 2011 U.S. Dist. LEXIS 100963, *6-7 (E.D.N.Y. Sept. 2, 2011); Compare Chacko, 2010 U.S. Dist. LEXIS 9103, *14 (dismissing ADEA claim where plaintiff did not allege younger employees were treated differently and alleging merely that the reason for the adverse action was his age; noting further that such statement is an unvarnished allegation that adverse action was taken "because of membership in a protected class").  Moreover, complaints need not allege specific facts about comparators where it can be inferred from other allegations that the

20

comparators are similarly situated in their employment circumstances, yet treated differently based on a protected category. See Brown, 765 F.3d at 230.

In Hooda, the plaintiff applied for a promotion. Hooda at *12. The plaintiff had 19 years experience in the field, but had no "small science bench top experience," allegedly a requirement for the job. Id. at *14 The comparator applicant also did not have "small science bench top experience," but also had no prior experience in the field. Id. The comparator was selected for the position. Id. When plaintiff complained about the selection, the chair of the selection committee admitted plaintiff was "more knowledgeable and experienced" than plaintiff. Id.

The complaint did not allege the plaintiff's age. Id. at *12. The decision notes that the comparator was younger than the plaintiff, though it is unclear if the complaint alleges the specific age. Id. at *13-14. Notwithstanding that the complaint did not specifically allege membership in a protected class, the Court found that it could infer the plaintiff was over the age of 40 based on the plaintiff's 19 years of experience. Id. Further, without noting the difference in age, the Court found that the complaint adequately stated an ADEA claim. Id.

Here, as in Hooda, the PAC contains an admission by a decision maker, Zerillo, that Bohnet was "highly qualified" and that she should be hired to the next open position. (A.23 ¶ 25). Instead of hiring Bohnet to that position, or any other tenure track position, the District hired younger, less qualified applicants. The

PAC specifically alleges some of these differences in qualifications. For example, for the December 2008 application, Bohnet held a permanent teaching certificate whereas the younger applicant did not. (A.31 ¶ 27). Similarly, in June 2009, Zerillo was specifically responsible for hiring younger teachers who did not have any experience teaching in the District, whereas Bohnet had been teaching in the District since 2005, performed in exemplary manner, and received outstanding evaluations and observations from District principals. Again, in 2011, Bohnet applied to a tenure track position for the same position in which she had served as a leave replacement teacher in 2009 and for which she had received outstanding evaluations. Yet again, the District chose a younger, less qualified teacher for the position. The differences in qualifications included the comparator's less experience and lack of a permanent teaching certificate. The District Court applied no weight to these allegations. Indeed, the decision does not address or credit these facts, at all.

In sum, plaintiff was an applicant who was told she was highly qualified and should be hired to the next available tenure track position. However, when she applied for the position at the same time as a younger applicant, the younger applicant was consistently hired over Bohnet. Discovery may reveal other facts which undermine the allegation that the decision was because of age, just as discovery may uncover facts which support that conclusion. However, at the

pleadings stage, the alleged facts plausibly give rise to the inference that the reason is age and it cannot fairly be said that based on these facts, there is absolutely no way the plaintiff could prove age discrimination. Accordingly, the District Court erred in holding that the PAC does not state an age discrimination claim.

**B.    The District Court Overlooked That the Retaliatory Action Happened at the Defendants' First Opportunity to Do So**

To establish a *prima facie* case of retaliation, an employee must show that: "(1) she was engaged in an activity protected under [the ADEA]; (2) the employer was aware of plaintiff's participation in the protected activity; (3) the employer took adverse action against plaintiff; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000) (quoting Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993)). Here, the District Court dismissed the retaliation claim because it found that the causal connection element was insufficiently pled. Accordingly, the causation element is discussed below.

An improper retaliatory motive can be inferred by, *inter alia*, the sequence of events leading up to the challenged decision, a pattern of antagonism, and a temporal proximity between the protected activity and the adverse action. Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 267 (1977). A distant temporal relationship between the protected activity and the adverse

action does not foreclose a Court or jury from finding a causal connection when the adverse action was taken at the first opportunity to do so or by a showing that defendants were laying in wait for an opportune time to exact their revenge. Summa v. Hofstra Univ., 708 F.3d 115, 128 (2d Cir. 2013); Espinal v. Goord, 558 F.3d 119, 129-30 (2d Cir. 2009) (six month span between speech and adverse action sufficient to support an inference of retaliation); Curcio v. Roosevelt Union Free Sch. Dist., 10-CV-5612, 2012 WL 3646935, *14 (E.D.N.Y. Aug. 22, 2012) (citing Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119 (2d Cir. 2012)).

In Curcio, the plaintiff filed a complaint of discrimination against the defendant with the EEOC in early 2009. Curcio, 2012 WL 3646935, *14. The first adverse action occurred more than a year later, in April 2011. Id. The defendants argued the action was too temporally attenuated from the complaint to support an inference of discrimination. Id. The Court disagreed, finding that the defendants took the adverse action at the next opportunity it had to do so. Id. (further citing cases where a sudden change in the defendants conduct, for instance, a sudden drop off in performance evaluations following a complaint, could support an inference of retaliation).

Similarly, in Summa, four months elapsed between the protected activity and the adverse action. Summa, 708 F.3d at 129. The Summa plaintiff

complained in November, at the end of the fall sports season.  Id.  Plaintiff was

denied a position four months later, at the start of the spring sports season.  Id.

This Court determined that the events were not too temporally attenuated because

the adverse action was taken at the first opportunity to do so.  Id. (further noting

that seven months is within the temporal range sufficient to support an inference of

discrimination).

Like Curcio and Summa, here, the Defendants took action against Plaintiff at

their next opportunity to do so.   In December 2008, Bohnet complained to

Superintendent Lison about the District's discriminatory hiring process.  Although

Bohnet was hired to a leave replacement position at Huplonsky's school almost

immediately after making the complaint, it is reasonable to believe that her

complaint had not yet been relayed to the schools' principal.   After this one

position, in June 2009, Bohnet applied for six leave replacement positions at

Zerillo's school.  Although Zerillo had promised Bohnet that she would always

have a regular substitute teaching position in her school and had hired her for such

positions before her complaint of discrimination, after her complaint, Zerillo did

not hire Bohnet to any of the six available positions.  Thus, Zerillo refused to hire

Bohnet at her first opportunity to do so after learning of her complaint.  Further,

after filing her 2010 EEOC complaint, the District never again hired her to any

leave replacement position whatsoever.  Accordingly, the District Court erred in

holding the events were too temporally attenuated to state a *prima facie* case of retaliation because the adverse actions took place at the first opportunity to do so after learning of the complaints.

## II.   THE PAC SET FORTH ADDITIONAL SUPPORTING FACTS BUT THE COMPLAINT SUFFICIENTLY STATED CAUSES OF ACTION

A District Court's decision of a motion to dismiss is reviewed *de novo*. Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006).   As summarized below, upon a *de novo* review, the Complaint plausibly shows an inference of discrimination by setting forth a pattern and practice of hiring younger, less qualified applicants to tenure track teaching positions while relegating Bohnet to substitute teaching positions.  It further shows an inference of retaliatory animus by setting forth facts which show Defendants-Appellees took action against Bohnet at their first opportunity to do so. Bohnet respectfully refers the Court to the legal analysis and citations in Section I, which apply equally to a review of the facts as set forth in the Complaint.  Ricciuti v. NYC Trans. Auth., 941 F.2d 119, 123 (2d Cir. 1991).

### A.   The District's Persistent Pattern of Selecting Younger, Less Qualified Applicants Instead of Bohnet Plausibly Shows Discriminatory Intent

The Complaint sets forth that Bohnet was described as "highly qualified" for the tenure track positions for which she was applying.  (A.11 ¶ 25).  It further alleges multiple instances where Bohnet was hired as a substitute teacher to teach

in a classroom where a permanent teacher had taken leave.  (A.9, 10  ¶¶ 12, 15, 19, 23).  In other words, the District hired Bohnet to work in a classroom, but would not hire her to a position in a similar classroom which could lead to tenure.  Instead, for the tenure track positions, the District hired younger employees.  The plausible inference to be drawn from these allegations is that the District believed Bohnet was qualified to teach in its classroom (otherwise it would not have kept hiring her for leave replacement positions), but it did not want her to have the opportunity to earn tenure.  The reason it did not want Bohnet in a tenure track position was because of age.  It preferred that younger applicants should have the opportunities afforded by the tenure track positions.  This inference of selection based on age can be inferred from the pattern of repeatedly selecting younger candidates as compared to Bohnet.

The District Court took issue with the Complaint's omission of ages of the comparators. However, the Complaint alleges multiple instances across many years where a younger candidate was selected.  If the allegations of such a selection pattern are proven at trial, a jury could readily infer that the reason for the decisions was age.  Thus, it cannot fairly be said that there are no facts stated in the complaint which, if proven, could show a discriminatory intent.  Accordingly, the District Court erred in dismissing the Complaint.

**B.**    **Defendant-Appellees Took Action Against Bohnet at the First Opportunity After Her Complaint of Discrimination**

As discussed *supra* in Section I.B, after Bohnet complained about discrimination in December 2008, Defendant-Appellees refused to hire her to any one of six available leave replacement positions to which she applied in June 2009. June 2009 was the first opportunity in which Defendant-Appellees had to deny her such a position after learning of her complaints. Moreover, principal Zerillo had previously promised Bohnet that she would always have a leave replacement position in her school and the District hired Bohnet to multiple leave replacements positions before she complained about discrimination. Accordingly, there are ample facts which plausibly give rise to an inference of retaliation and the District Court erred in dismissing the retaliation claim.

28

## CONCLUSION

For the foregoing reasons, the District Court's decision granting Defendant-Appellees' motion to dismiss and denying Plaintiff-Appellant's cross-motion to amend the complaint should be reversed. Further, the case should be remanded to the District Court with instructions that the Complaint be reinstated, PAC accepted for filing, and the case proceeded to discovery.

Dated: Melville, New York
      September 26, 2014

Respectfully submitted,
FAMIGHETTI & WEINICK, PLLC
Attorneys for Plaintiff-Appellant
68 S. Service Rd., Suite 100
Melville, N.Y. 11747
(631) 352-0050

By:       __/s/ Matthew Weinick_____
             MATTHEW WEINICK

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of

the Federal Rules of Appellate Procedure because it contains 6,634 words,

excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Rule 32(a)(5) and the

type style requirements of Rule 32(a)(6) because it has been prepared in a

proportionally-spaced typeface using Microsoft Word in Times New Roman 14-

point font.

Dated: Melville, New York
            September 26, 2014

Respectfully submitted,
FAMIGHETTI & WEINICK, PLLC
Attorneys for Plaintiff-Appellant
68 S. Service Rd., Suite 100
Melville, N.Y. 11747
(631) 352-0050

By:      /s/ Matthew Weinick
             MATTHEW WEINICK