# 14-2930-CV

## United States Court of Appeals

*for the*

## Second Circuit

LYNN L. BOHNET,

*Plaintiff-Appellant,*

– v. –

VALLEY STREAM UNION FREE SCHOOL DISTRICT 13,
ELIZABETH LISON, CHRISTINE ZERILLO, FRANK HUPLONSKY,

*Defendants-Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES

FRAZER & FELDMAN, LLP
*Attorneys for Defendants-Appellees*
1415 Kellum Place, Suite 201
Garden City, New York 11530
(516) 742-7777

*Of Counsel:*
  JOSEPH W. CARBONARO

# TABLE OF CONTENTS

ISSUES PRESENTED…………………………………………………………..1

STATEMENT OF THE CASE……………………………………………………….2

SUMMARY OF ARGUMENT………………………………………………….5

ARGUMENT…………………………………………………………………7

    I.    THE DISTRICT COURT PROPERLY DIMISSED THE PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) BECAUSE THE COMPLAINT FAILS TO ALLEGE A PLAUSIBLE CLAIM OF AGE DISCRIMINATION UNDER THE ADEA……………………………………………7

        A. The Plaintiff's Complaint Fails To State A Plausible Claim For Relief Because The Complaint Merely Makes Conclusory Allegations Of Age Discrimination………………………7

        B. The Plaintiff's Complaint Has Not Created An Inference Of Discrimination Under The ADEA Because She Has Not Shown That Age, In Any Way, Influenced Defendant's Decision Not To Hire Her………………………………………………..9

            i. The "But For" Standard Should Be A Factor in Determining Whether A Pleading States A Plausible Claim For Relief………………………………………….15

            ii. The Allegation That The District Hired Younger Applicants Instead Of The Plaintiff Is Not Sufficient to Create an Inference of Discrimination……………….…………16

            iii. Conclusory Allegations, Without Factual Support, That The Persons Hired Instead of Plaintiff Were Under Forty Years Old Are Not Sufficient To Withstand A Motion To Dismiss…………………………………………18

II.  THE DISTRICT COURT PROPERLY DIMISSED THE PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) BECAUSE THE COMPLAINT FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR RETALIATION UNDER THE ADEA………………………………………………………….22

CONCLUSION………………………………………………………………...25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams v. New York State Educ. Dep't*, 752 F.Supp.2d 420 (S.D.N.Y.2010)…......19

*Arar v. Ashcroft*, 585 F.3d 559, 569 (2nd Cir. 2009)……………..………………9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………….…8, 11 (n-2), 14, 19

*Avgerinos v. Palmyra-Macedon Central School District*, 690 F. Supp.2d 115
(W.D.N.Y. 2010)…………………………………………………………….12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)……………………….8, 9, 19

*Bohnet v. Valley Stream Union Free School Dist. 13*, 2014 WL 3400462 (E.D.N.Y.
2014)……………………………………………………………….2, 15, 24

*Brown v. Daikin AM, Inc.*, 756 F.3d 219 (2nd Cir. 2014)………………….………9

*Chacko v. Worldwide Flight Services, Inc.*, 2010 WL 424025 (E.D.N.Y. 2010)...15

*Conley v. Gibson*, 355 U.S. 41 (1957)……………………………………..7, 8

*D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193 (2nd Cir.2007)………………13

*De La Pena v. Metropolitan Life Ins. Co.*, 552 Fed.Appx. 98 (2nd Cir. 2014)…..20

*Delaney v. Bank of America Corp.*, 2014 WL 4377587 (2nd Cir. 2014)………….11

*Ebewo v. Fairman*, 460 Fed.Appx. 67 (2nd Cir. 2012)……………..……..……19, 20

*Fagan v. U.S. Carpet Installation, Inc.*, 770 F. Supp. 2d 490 (E.D.N.Y. 2011).…15

*Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*, 724 F.Supp.2d 382
(W.D.N.Y.2010)……………………………………………..……17 (n-5), 18

*Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93 (2nd Cir. 2010)……..…12, 13, 22

*Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009)……………………10

*Hedges v. Town of Madison*, 456 Fed.Appx. 22 (2nd Cir. 2012)………………..9

*Jackson v. County of Rockland*, 450 Fed.Appx. 15 (2nd Cir. 2011)……………..20

*Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229 (2007)……………………14

*Matson v. Bd. of Educ.*, 631 F.3d 57 (2nd Cir. 2011)………………………………9

*Maysonet v. Citi Group Inc.*, 2011 WL 476610 (S.D.N.Y. 2011)………....…17 (n-4)

*Munoz-Nagel v. Guess, Inc.*, 2013 WL 1809772,(S.D.N.Y. 2013)……...……18, 20

*Ndremizara v. Swiss Re Am. Holding Corp.*, 2014 WL 941951

(S.D.N.Y. 2014)……………………………………………………………15, 18, 21

*Payne v. Malemathew*, 2011 WL 3043920 (S.D.N.Y. 2011)…………...15, 17 (n-4)

*Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2nd Cir.2010)………………..8

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)………………………………8

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517 (2013)………………22, 23

*Zucker v. Five Towns Coll.*, 2010 WL 3310698 (E.D.N.Y. 2010)…………...16, 17

**Federal Statutes**

Age Discrimination in Employment Act, 29 U.S.C. § 623…………………*passim*

**Federal Rules of Civil Procedure**

Rule 8 (a)………………………………………………………………………7

Rule 12 (b)(6)…………………………………………………………...…*passim*

**New York State Statutes**

Education Law Section 3012………………………………………………….3

Education Law Section 3020-a…………………………………………….…..3

# ISSUES PRESENTED

1. Did the District Court properly dismiss the Plaintiff's complaint for failure to state a claim for age discrimination under the ADEA when Plaintiff's complaint:

(a) failed to plead sufficient factual allegations that her age was the motivating factor in the District's decision not to hire her for a tenure-track teaching position;

(b) offered no factual support for her claim that applicants hired instead of her were younger and less qualified; and

(c) contained no allegation that other applicants over forty years of age applied for similar positions and were not hired on the basis of age?

2. Did the District Court properly apply Second Circuit precedent when it determined that the "but for" standard can be a useful guidepost in assessing whether a complaint states a plausible claim for relief?

3. Did the District Court properly dismiss the Plaintiff's complaint for failure to state a claim for retaliation under the ADEA when:

(a) Plaintiff had not been hired for any tenure track position prior to engaging in protected conduct;

(b) Plaintiff was hired for a substitute teaching position *after* engaging in protected conduct; and

(c) the complaint offers only conclusory statements as to why Appellant was not hired by the District after she engaged in protected conduct?

## STATEMENT OF THE CASE

### Local Rule 28.1 Statement

This is an age discrimination and retaliation case brought under the ADEA, Section 1983, and the NYSHRL. Below, the Honorable Denis R. Hurley rendered a decision dismissing all of Plaintiff-Appellant's claims and denying Plaintiff-Appellant's motion for leave to amend the complaint. *Bohnet v. Valley Stream Union Free Sch. Dist.*, 2014 WL 3400462 (E.D.N.Y. 2014)

### Facts as Plead in the Proposed Amended Complaint ("PAC")

The Plaintiff, Lynn Bohnet, began working for Valley Stream 13 Union Free District ("the District") in January 2005, when she was 42 years old. (PAC ¶ 12; see PAC ¶ 11). Bohnet worked as a leave replacement teacher, which is a temporary position offered while a full-time teacher is on a leave of absence. (PAC ¶¶ 12-14). A leave replacement position is not a tenure-track position, and ends when the full-time teacher returns. (PAC ¶ 14). Conversely, a tenure-track position

is a position which could ripen to life-time tenure, which by law takes effect after three years of satisfactory probationary service. *See*, New York Education Law Section 3012. Once tenured, the teacher may only be disciplined and/or terminated upon a showing of "just cause" to be determined by an independent hearing officer. *See,* Education Law Section 3020-a. Thus, under New York law, there is a significant difference between a leave-replacement and tenure-track teacher.

The complaint alleges that Bohnet performed her leave replacement duties in "an exemplary manner" and received "outstanding evaluations and observations…letters of support and references" from colleagues, supervisors, and other District employees. (PAC ¶¶ 14A-14B). The complaint does not include any text or summary of these letters, and does not even name the specific persons who gave Bohnet these "outstanding evaluations." (*See generally* PAC).

After the 2005 leave replacement ended, the District hired Bohnet for another leave replacement position for the 2006-2007 school year. (PAC ¶ 15). Between January 2005 and July 2012, Bohnet, while working as a leave replacement and permanent substitute, applied for several tenure track positions, but was not hired. (PAC ¶¶ 16-19, 21-27, 31, 33, 38A, 38C). For each position she was not hired, Bohnet alleges "upon information and belief" that the District hired candidates younger than forty and "less qualified" than Bohnet. (PAC ¶¶ 17, 19, 22, 27, 31, 33, 38, 38B).

According to the PAC, a District principal told Bohnet she was not hired because she "did not interview well." (PAC ¶ 25). Bohnet further alleged that the same principal had told her she was "highly qualified and should receive the next open position." (PAC ¶ 25). Bohnet was hired as a permanent substitute for the District for the 2008-2009 school year. (PAC ¶ 23). Bohnet alleges that in December 2008, she complained to the District Superintendent, claiming that the "hiring process was favoring younger applicants." (PAC ¶ 28). According to the PAC, the Superintendent told Bohnet that school principals made the hiring decisions and suggested that she become acquainted with them. (PAC ¶¶ 28-29). Bohnet was then hired for another leave replacement position with the District. (PAC ¶ 30).

After the leave replacement ended in 2009, Bohnet applied for several positions in the District and was hired as a substitute teacher. (PAC ¶¶ 36-37). In 2012, Bohnet applied for several replacement and probationary positions with the District, but was not hired for any of the positions. (PAC ¶¶ 37-38C). For jobs she did not receive between 2010 and 2012, Bohnet alleges "upon information and belief" that the applicants hired instead of her were younger than forty and "less qualified." (PAC ¶¶ 37-38C). However, the PAC does not contain the names, ages, or qualifications of any applicant other than Bohnet. (*See generally* PAC).

**Procedural History**

On August 19, 2010, Plaintiff-Appellant filed a charge of discrimination with the EEOC. (PAC ¶ 5).[1] On April 24, 2012, Plaintiff-Appellant filed a Complaint in the Eastern District of New York. (*See* PAC). The Defendant-Appellees' moved to dismiss the Plaintiff's complaint for failure to state a claim.

**Decision Below**

On July 14, 2014, Honorable Denis R. Hurley issued a memorandum and order granting Defendant-Appellees' motion to dismiss and denying Plaintiff-Appellant's cross-motion to amend the complaint. (App. 29-30). After analyzing the PAC's facts, the Court held that the PAC failed to allege sufficient facts to state a plausible claim of age discrimination under the ADEA. (App. 35-36) It further held that the PAC did not plausibly state a retaliation claim because the PAC failed to allege "any…facts from which retaliation can be inferred." (A.39). Because the District court found the PAC did not state claims for relief, it granted dismissal of the complaint. (A.40).

---

[1] The District Court did not need to reach the issue of whether some or all of Plaintiff-Appellant's claims are time-barred and the Defendants-Appellees therefore do not address them at this time.

## SUMMARY OF ARGUMENT

In sum and substance, the complaint alleges as follows: first, that the Appellant was over the age of 40 when she sought tenure track positions; second, it alleges that Plaintiff applied for numerous jobs as a tenure-track teacher; third, it alleges she was qualified for those positions; and fourth, that "upon information and belief," the source or specifics of which are not specified, applicants under the age of 40 were hired in favor of the Appellant. Taken as true, these allegations do not state a cause of action upon which relief can be granted.

The proposed amended complaint ("PAC") is devoid of allegations which would nudge the claim from the merely conceivable to the plausible, as is required to survive a Rule 12(b)(6) motion to dismiss.

The complaint alleges that younger, less qualified applicants were chosen in favor of the Appellant "upon information and belief," and such allegations are not entitled to the presumption of truth. As the District Court noted, the Appellant failed to identify any of the younger, less qualified applicants, failed to provide details describing how and why they were inferior to Appellant, their actual ages or any details which would render the allegations plausible, as opposed to merely conceivable.

Finally, where a Plaintiff alleges that the defendant has a pattern or practice of discriminating on the basis of age, the complaint must allege specific facts

showing widespread discrimination against a class of people. Here, Appellant was the *only* person against whom age discrimination was allegedly perpetrated.

Accordingly, the District Court's decision dismissing the complaint should be affirmed.

## **ARGUMENT**

**I.     THE DISTRICT COURT PROPERLY DIMMISSED THE PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) BECAUSE THE COMPLAINT FAILS TO ALLEGE A PLAUSIBLE CLAIM OF AGE DISCRIMINATION UNDER THE ADEA**

### **A. The Plaintiff's Complaint Fails To State A Plausible Claim For Relief Because The Complaint Merely Makes Conclusory Allegations Of Age Discrimination**

The Plaintiff's claim for age discrimination under the ADEA was properly dismissed under Rule 12(b)(6). Under Federal Rule of Civil Procedure Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Prior to 2007, the Supreme Court had concluded that to survive a motion to dismiss, all a complaint needed to include was "'a short and plain statement of the claim' that will give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S.41, 47 (1957); *see also* F.R.C.P. Rule 8. As such, where a complaint pleaded "general allegations of discrimination," without specific facts, it was sufficient to

withstand a motion to dismiss. *Id*; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). Nevertheless, this line of cases still required a showing that "the pleader is entitled to relief." *Id*. at 512.

In 2007, however, the Supreme Court retreated from this liberal pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In *Twombly*, the Court held that a "pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. at 555. Under this standard, unless the Plaintiff has "nudged their claims across the line from *conceivable to plausible*, their complaint must be dismissed." *Id*. at 570 (emphasis added). At a minimum, the Plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Id*.

The Supreme Court further restricted this standard two years later in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). According to the *Iqbal* Court, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has…not "show[n]"…that the pleader is entitled to relief." *Id*. at 679; *see also Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2nd Cir.2010) ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct…dismissal is appropriate"). *Iqbal* explicitly extended the holding of *Twombly* to discrimination cases. *Id*. at 684. *Iqbal* also explained the plausibility standard set out in *Twombly*:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely *consistent with* a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 678. (emphasis added.)

The Plaintiff must plead enough facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

This Court has also applied this heightened standard of evaluating pleadings in a 12 (b)(6) motion to dismiss. In *Arar v. Ashcroft*, 585 F.3d 559, 569 (2nd Cir. 2009), this Court instructed that: "[b]road allegations…are insufficient; the Plaintiff must provide some factual basis." Further, according to this Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Brown v. Daikin AM, Inc.*, 756 F.3d 219 (2nd Cir. 2014); *see also Hedges v. Town of Madison*, 456 Fed.Appx. 22, 23 (2nd Cir. 2012) ("at a minimum, employment discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*"); *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2nd Cir. 2011) (complaint requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation").

## B. The Complaint Has Not Created An Inference Of Discrimination Under The ADEA Because Appellant Has Not Shown That Age, In Any Way, Influenced Defendant's Decision Not To Hire Her

Under the Age Discrimination in Employment Act ("ADEA"), an employer may not "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to state a claim under the ADEA, the Plaintiff must show that "age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009). Thus, an ADEA complaint must establish that "age was the 'reason' that the employer decided to act." *Id*. In *Gross*, the Plaintiff, a 54 year old, was reassigned to a new job position, and many of his job responsibilities were transferred to another employee—who was in her early forties. *Id*. at 170. The Plaintiff was unable to offer any direct evidence of discrimination. *Id*. at 172. As a result, the Supreme Court vacated a Court of Appeals decision for the Plaintiff. Bohnet likewise fails to offer any direct evidence of discrimination. The PAC contains no statements or other direct proof whatsoever by the defendants that touch upon Bohnet's age. Rather, the complaint itself mentions two reasons why Bohnet was not hired: she did not interview well and she was not acquainted with school principals who made hiring decisions. (PAC ¶ 25, 29). Neither of these reasons can be reasonably connected to

Bohnet's age. Because nothing in the complaint connects Bohnet's age to the District's employment decisions,[2] the complaint should be dismissed.

Just last month, this Court clarified the "but-for" standard in ADEA claims. In *Delaney v. Bank of America Corp.*, 2014 WL 4377587 (2nd Cir. 2014), this Court instructed: "[t]he condition that a Plaintiff's age must be the 'but for' cause of the adverse employment action [means]…that the adverse employment action…would not have occurred without it." The Court also reiterated that: "Even in the discrimination context ... a Plaintiff must provide more than conclusory allegations." *Id*. In *Delaney*, the Plaintiff, who was 56 years old, was fired from his job at Bank of America and brought suit under the ADEA. However, this Court refused to find for the Plaintiff, even though he received an annual performance review with an "exceeds/meets expectations" rating. *Id*. According to this Court, nothing suggested that age was the basis for the Plaintiff's dismissal. *Id*. In this case, Bohnet also alleged that she received positive ratings about her job performance. However, nothing, except for Bohnet's subjective belief, indicates that age was the but-for cause, or even a motivating, factor in the District's decisions not to hire her for a tenure-track position.

---

[2] Except for Plaintiff's first cause of action, which reads: "Defendant…subjected Plaintiff to adverse employment actions…based on her age…." (PAC ¶ 39). However, this is a conclusory statement, without any factual support, that *Iqbal* has deemed unentitled to the presumption of truth.

In *Avgerinos v. Palmyra-Macedon Central District*, 690 F. Supp.2d 115 (W.D.N.Y. 2010), the court was faced with facts very similar to the instant case. In *Avgerinos*, the Plaintiff was a 64 year old who had previously worked as a school administrator, guidance counselor, high school principal, and teacher. *Id*. at 120-121. The Plaintiff applied for a substitute teaching position with the District after being encouraged to apply by other District employees. *Id*. at 121. When the Plaintiff was not hired by the District, he brought suit, alleging that the District did not hire him because of his age, in violation of the ADEA. *Id*. at 122. The District court dismissed his claims under Rule 12(b)(6), concluding that the Plaintiff "failed to plead…a *prima facie* case of discrimination because there are no circumstances alleged in his complaint that can fairly be characterized as giving rise to an inference of age discrimination." *Id*. at 130. The District court also highlighted that there had been no discriminatory comments or conduct relating to Plaintiff's age, as well as no allegation that other older applicants had been denied employment. *Id*. at 130. Here, the PAC does not allege a single discriminatory comment, overt action or other allegations that Bohnet was subjected to age discrimination or that other job applicants or current employees over forty were subjected to age discrimination. (*See generally* PAC).

In *Gorzynski v. Jetblue Airways Corp*., 596 F.3d 93 (2nd Cir. 2010), a 54 year old Plaintiff brought suit under the ADEA, alleging that her employer had

discriminated against her on the basis of her age. The Plaintiff's manager repeatedly gave her poor evaluations despite the fact that the Plaintiff had not been written up for disciplinary problems; however, the manager had given a 30-year old employee a positive evaluation even though the employee had been written up and verbally counseled numerous times. *Id*. at 97-98. That employee was later promoted, even though he sent an email, for which he was not disciplined, to other workers admitting that he had drunkenly vandalized hotel property while on a company trip. *Id*. at 98. More importantly, the Plaintiff's manager also compared the Plaintiff to "one of his aunts who was in her eighties," in the sense that she was "difficult." *Id*. For these reasons, this Court found there to be a reasonable inference of age-related discrimination.[3] By contrasts, the instant case does not allege facts showing that younger employees were favored or that older employees were treated differently. In *Gorzynski*, it was at least plausible that defendants singled out the Plaintiff for adverse treatment based on her age. Here, however, the complaint does not come close to tying Bohnet's age to her failure to be hired for a

---

[3] In *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193 (2nd Cir.2007), this Court also found there to be a reasonable inference of age-related discrimination. The Plaintiff, a 49 year old, interviewed for a job as a pharmacist and received an interview score qualifying him for employment. *Id*. at 193-194. However, the Plaintiff was not offered a job, with offers instead being extended to two younger applicants. This Court refused to find for the defendants, noting the discrepancy between: (a) the job posting calling for entry-level pharmacists with no requirement of managerial experience; and (b) the defendant's statement that he offered the position to the younger applicants because they had more experience. *Id*. at 194. Since the job required no prior experience, this Court reasoned that the defendant's statement may have been merely pretextual. *Id*. at 196.

tenure-track position. In fact, Bohnet was hired by the District for numerous leave replacement and substitute teaching positions.

In *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229 (2007), this Court reversed a Rule 12(b)(6) dismissal of an ADEA claim. In *Kassner*, the alleged age discrimination against the Plaintiffs, aged sixty-nine and seventy, was plausible, with the defendant telling the Plaintiff to "'drop dead,' 'retire early,' 'take off all of that make-up[,]' and 'take off your wig." *Id*. at 236. Further, the defendant repeatedly assigned the Plaintiffs to shifts far less lucrative than the ones assigned to younger employees. *Id*. Because these allegations, if true, would entitle the Plaintiff to relief, this Court reversed the District court's dismissal. *Id*. at 245. The facts in the instant case do not come close to age discrimination in comparison to *Kassner*. No District employee ever made a comment about Bohnet's age. No District employee took any action adverse against Bohnet that could reasonably be interpreted as age-related. The Supreme Court in *Iqbal* said that the Plaintiff must state a plausible claim, not just a conceivable one. Of course, age discrimination is conceivable in this case, but a plethora of other reasons why Bohnet was not hired are equally conceivable under the exact same facts pleaded. However, a claim must be plausible to survive, and Bohnet has provided nothing, except her conclusory allegations, to show that age was the reason she was not hired for a tenure track position.

14

**i.** **The "But For" Standard Should Be a Guide in Determining Whether a Pleading States a Plausible Claim For Relief**

District courts in this Circuit have repeatedly held that the but-for standard, while not a requirement for pleadings, acts as useful guidepost in determining whether an ADEA complaint states a plausible claim for relief. *Bohnet v. Valley Stream Union Free School Dist. 13*, 2014 WL 3400462 , at 4 (E.D.N.Y. 2014) ("[w]hat is required at the motion to dismiss stage is that the complaint contain sufficient facts to make plausible the conclusion that "but for" her age Plaintiff would have been hired"); *Ndremizara v. Swiss Re Am. Holding Corp.*, 2014 WL 941951, at 12 (S.D.N.Y. 2014) ("[e]ven though establishing a prima facie case of age discrimination is not necessary to survive a motion to dismiss, courts do use the standard as a guidepost when determining whether the Plaintiff has" stated a claim for relief); *Payne v. Malemathew*, 2011 WL 3043920, at * 2 (S.D.N.Y. 2011) ("[Plaintiff] need not plead but-for causation, but an ADEA complaint must "contain sufficient facts to make plausible the conclusion that 'but for' his age, Plaintiff would still be employed"); *Fagan v. U.S. Carpet Installation, Inc.*, 770 F. Supp. 2d 490, 497 (E.D.N.Y. 2011) ("complaint [must] contain sufficient facts to make plausible the conclusion that 'but for' their age the Plaintiffs would still be employed); *Chacko v. Worldwide Flight Services, Inc.*, 2010 WL 424025, at * 3 (E.D.N.Y. 2010) ("elements of a *prima facie* discrimination claim are nonetheless

relevant to the determination of whether a complaint …contains sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face).

As stated above, Bohnet has shown nothing, other than mere conclusions, that ties the District's decisions to Bohnet's age. Under the but-for standard, Bohnet's claim must fail because her complaint has not provided *any facts* showing that her age was a factor the District ever considered when making hiring decisions. In other words, the complaint fails to set forth a plausible claim that age was the but-for reason the Appellant was not hired for the tenure-track positions.

### ii. The Allegation That the District Hired Younger Applicants Instead Of The Plaintiff Is Not Sufficient to Create an Inference of Discrimination

Several courts in this Circuit have concluded that the mere allegation that an employer selected an applicant younger than the Plaintiff is insufficient to withstand a motion to dismiss. In *Zucker v. Five Towns Coll.*, 2010 WL 3310698 (E.D.N.Y. 2010), the court held that a complaint, which merely stated that the defendant fired the Plaintiff and then hired a person under 40, did not state a claim for relief under the ADEA. In *Zucker*, the Plaintiff, who was 69 years old, performed his job competently, received promotions and raises, and was never disciplined. *Id*. at 1. However, the defendant later fired the Plaintiff and replaced him with someone who was 38 years younger. *Id*. The court reasoned that, while the treatment of the

Plaintiff may have been unfair, nothing indicated that age was the motivating factor in firing Plaintiff. *Id*. at 3. Thus, the court dismissed the claim for failure to state a claim under the ADEA. [4]   Bohnet has essentially pleaded the same allegations: that she was an employee who received positive feedback and was never disciplined, but still lost out to a younger applicant on several different occasions. (*See generally* PAC). However, Bohnet fails to show just what the *Zucker* Plaintiff failed to show: facts indicating that age was the motivating factor in not hiring her.  While the true reason Bohnet was not hired is not at issue at this juncture, for pleading purposes, the ADEA requires that age be the reason a Plaintiff is not hired.  Other than conclusory allegations, the complaint, here, does not offer any facts that indicate the District did not hire Bohnet because of her age.[5]

---

[4] *See also Payne*, 2011 WL 3043920 (S.D.N.Y. 2011). There, the court dismissed a Plaintiff's ADEA claim because the complaint failed to state a claim. In that case, the Plaintiff was over forty and worked with several others who were in their thirties. *Id*. at 2. The court dismissed the complaint because the Plaintiff failed to connect his termination to his age. *Id*. According to the court, the Plaintiff "pleaded nothing beyond the fact that he was the oldest employee in his department and was let go." *Id*. Because mere conclusory allegations will not suffice to withstand a motion to dismiss, the court granted the defendant's Rule 12 (b)(6) motion. In *Maysonet v. Citi Group Inc*., 2011 WL 476610 (S.D.N.Y. 2011), the court dismissed Plaintiff's ADEA claim under Rule 12(b)(6). The complaint alleged that Plaintiff was fired because of her age. *Id*. at 5. However, the only facts that Plaintiff offered were that that she was in her mid-forties and the defendant hired many people who were in their twenties. *Id*. The court found that these allegations did "not give rise to an inference" of age discrimination. *Id*. The Court also noted that the defendant hired Plaintiff at age forty-two, which made an inference of discrimination even more "doubtful." *Id.*

[5] In *Foster v. Humane Soc'y of Rochester & Monroe County, Inc*., 724 F.Supp.2d 382 (W.D.N.Y.2010), the court dismissed an ADEA complaint for failure to state a claim. In that case, the Plaintiff was over forty, fired by the defendant, and replaced by a person under forty.

### iii. Conclusory Allegations, Without Factual Support, That The Persons Hired Instead of Plaintiff Were Under Forty Years Old Are Not Sufficient To Withstand A Motion To Dismiss

Several courts in the Second Circuit have held that conclusory allegations, which merely claim—without factual support—that persons hired instead of the Plaintiff are under forty years old, are not to be afforded the presumption of truth. *Ndremizara v. Swiss Re Am. Holding Corp.*, 2014 WL 941951, at * 13 (S.D.N.Y. 2014) (dismissal warranted because "[p]laintiff provide[d] no details about these supposed employees, including when they were hired, by which office they were hired…what their experience, age, or qualifications were, or whether Defendant knew of their ages"); *Munoz-Nagel v. Guess, Inc.*, 2013 WL 1809772, at * 7 (S.D.N.Y. 2013) ("because Plaintiff has pointed to no information that would render her belief that younger applicants were hired over her anything more than a conclusory assertion, the Court finds that she has failed to state a claim under the ADEA")

---

*Id*. In her complaint, the Plaintiff alleged that the defendant had "a practice of firing upper level management employees over the age of forty." *Id*. at 390. The Plaintiff also asserted that two other employees over forty years old were fired. *Id*. However, the court dismissed the claim under Rule 12 (b)(6), finding that these allegations were: "not enough to give rise to an age discrimination claim.... If it were, then any time an ADEA-covered employer terminated an employee over age forty, the employer would be unable to replace that employee with someone younger, without exposing itself to potential liability for age discrimination. That is not the law." *Id*. The court's holding in *Foster* is especially pertinent here. With the facts the Plaintiff has pleaded in this case, allowing the complaint to go forward would directly go against the Supreme Court's holding in *Iqbal*. The ADEA was designed to prevent employers from terminating employees over forty *because of age*; it was not designed to prohibit employers from terminating employees over age forty.

In particular, *Adams v. New York State Educ. Dep't*,. 752 F.Supp 2d 420, 465 (S.D.N.Y.2010), *aff'd sub nom. Ebewo v. Fairman*, 460 Fed.Appx. 67 (2nd Cir. 2012) is instructive to the instant matter.   This Court affirmed the District Court's dismissal pursuant to Rule 12(b)(6) of Plaintiff's ADEA claim.  In relevant part, the complaint alleged that the Plaintiffs, (public school teachers over 40 years of age) were replaced by younger teachers, but failed to set forth any facts from which age discrimination could be drawn, other than repeating the statutory elements.  The District Court held, and this Court affirmed, that the complaint was insufficient to survive a Rule 12 (b)(6) motion since it failed to "[set] out any facts from which age discrimination can be inferred." *Id.* at 465. The Court further explained that

> [t]he claim merely alleges that Plaintiffs are over 40 years of age and were replaced by younger teachers. That merely repeats the statutory elements, without setting out any facts from which age discrimination can be inferred. The fourth amended complaint does not allege any ageist remarks by Plaintiffs' principals or any other DOE employees. Plaintiffs do not state who the teachers are that replaced them or their age ( *e.g.,* if a 40 year old were replaced by a 38 year old teacher, that would not give rise to any inference of age discrimination). As <u>*Twombly*</u> and <u>*Iqbal*</u> instruct, a complaint must allege " 'more than an unadorned, the-defendant-unlawfully-harmed-me ccusation,' " and " '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' " *Adams v. N.Y. State Educ. Dep't,* 2010 WL 624020 at 18 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009), emphasis omitted). *Id.*

This Court affirmed that dismissal, describing the District court's holding as a "well-reasoned decision." *Ebewo*, 460 Fed.Appx. at 69. The fact pattern in *Adams* is, for all intents and purposes, indistinguishable from the instant case. Here, Appellant complains that she is over age 40, but was not hired for several tenure-track teaching positions in favor of applicants who she alleges ("upon information and belief") were under age 40. There is no significant factual distinction between the two cases that would allow the instant matter to escape dismissal.

This Court has already come to a similar conclusion: "bald assertions of discrimination—unsupported by any meaningful comments, actions, or examples of similarly-situated persons outside of Plaintiff's protected class being treated differently—[are] implausible and insufficient to survive a motion to dismiss." *De La Pena v. Metropolitan Life Ins. Co.*, 552 Fed.Appx. 98, 100 (2nd Cir. 2014); *see also Jackson v. County of Rockland*, 450 Fed.Appx. 15, 19 (2nd Cir. 2011) ("bald assertions… are implausible and insufficient to survive a motion to dismiss").

In *Munoz-Nagel*, 2013 WL 1809772, the court dismissed Plaintiff's ADEA claim under Rule 12(b)(6). The Plaintiff pleaded, upon information and belief, that most of the other applicants for the job were younger than her. *Id*. at 7. The Plaintiff also alleged that she believed younger employees were hired. *Id*. The

court concluded: "[a]lthough Plaintiff is entitled to plead facts upon information and belief, she has failed to accompany her allegations with respect to her age discrimination claim with a statement of the facts upon which the belief is founded." *Id*. Because the Plaintiff was unable to proffer specific facts about those persons hired instead of her, the court dismissed the complaint under 12 (b)(6). In this case, Bohnet has pleaded the same way as the *Munoz-Nag*el Plaintiff. Bohnet has offered no factual support for her claims that other teachers were less qualified or under forty; instead, her allegations are "upon information and belief" that other applicants were under forty or less qualified. (PAC ¶¶ 17, 19, 22, 27, 31, 33, 38, 38B). In this case, Bohnet does not mention a single name, age, or qualification of any applicant who received a position for which she applied. As a result, this is the type of complaint that this Court has repeatedly held must be dismissed.

In *Ndremizara*, 2014 WL 941951, the court dismissed Plaintiff's ADEA claim under Rule 12 (b)(6). In his complaint, the Plaintiff "merely assert[ed] that he discovered that many entry level candidates selected or hired by the defendant were younger or less qualified than him." *Id*. at 13. Because the Plaintiff provided no specific details about the other applicants' ages, experiences, and qualifications, the court dismissed the complaint for failure to state a claim. *Id*. Here, as in *Ndremizara,* Bohnet has mentioned throughout the complaint that candidates selected instead of her were "less qualified" and "younger" than her. However,

Bohnet has not provided a single non-conclusory statement about any other candidate. For that reason, the complaint must be dismissed.

## II.    THE DISTRICT COURT PROPERLY DISMISSED THE PLAINTIFF'S CLAIM FOR RETALIATION UNDER THE ADEA

In order to withstand a motion to dismiss, a complaint for retaliation under the ADEA must state a plausible claim for relief. Many courts in this Circuit have concluded that the requirements of a *prima facie* case are useful in determining whether a complaint states a claim for relief. *See* Argument, *supra*, Section I.B.i. In order to make a *prima facie* case for retaliation, the Plaintiff "must show (1) that she participated in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between her engaging in the protected activity and the adverse employment action." *Gorzynski v. Jetblue Airways Corp*., 596 F.3d 93 (2nd Cir. 2010). The Supreme Court recently clarified the "causal connection" prong for retaliation claims, finding: "retaliation claims must be proved according to traditional principles of but-for causation, … [which] requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013). This is a stricter standard than the "causal connection" test used prior to *Nassar*. *See Gorzynski*, 596 F.3d at 110 ("Plaintiff can indirectly establish a causal connection to support…a retaliation

claim"). Under the rule in *Nassar*, a retaliation Plaintiff must now show that the claimed retaliatory action would not have occurred without Plaintiff's protected activity. *Nassar*, 133 S.Ct. at 2534.

In the instant case, the complaint does not plausibly allege that Bohnet would have received a tenure-track position but for the protected activity, specifically, complaining to Superintendent Lison that the District's hiring practices seemed to favor younger applicants. Most obviously, the complained-of acts (failing to hire Plaintiff on several occasions) occurred *both before and after* the protected activity. In other words, Bohnet was denied tenure-track positions before she complained to Lison about the District's hiring practices, as well as after making the complaint. If, as alleged in the complaint, Bohnet was denied positions due to her age *prior to* engaging in protecting activity, it is implausible to believe that the protected activity played any role, let alone the but-for role, in denying her the tenure-track positions *after* she engaged in the protected activity. The allegations in the complaint are analogous to an employee who suffered adverse employment action, then engaged in protected activity by complaining about the adverse action, and was then again subjected to the very same adverse action. In such a situation, the protected conduct clearly had no impact upon how the employee was treated. The same holds true in the instant case.

Bohnet's argument in response to the District Court's finding that the alleged retaliatory conduct was too attenuated in time to be plausible is that Defendants retaliated at their first opportunity. This argument is also unavailing. First, as the District Court concluded, the alleged act of retaliation was attenuated from the protected activity by approximately six months, which is too long to give rise to a plausible retaliation claim. *See*, PAC ¶¶, 28-31., *Bohnet,* 2014 WL 3400462, at 6. Bohnet now contends on appeal that the District retaliated against her at its first opportunity when it rejected her for a tenure-track position in June, 2009. However, this was not the school District's first opportunity to retaliate against Bohnet. As the complaint alleges, shortly after the protected activity occurred (December, 2008), the District *hired* Bohnet for another leave replacement position that continued for the balance of that school year. Following that hiring, according to the complaint, the school District engaged Bohnet as a *per diem* substitute. *See*, PAC ¶ 36. The *per diem* work may not have suited Bohnet ideally, but the school District did employ and pay Bohnet for this work, something they would not have done had retaliation been the goal.

Moreover, the failure to hire Bohnet after her complaint to Lison is attenuated not only in time (in some cases, up to four years), but by the school District's decision to hire Bohnet for a leave replacement position following the protected activity, not to mention using her on a *per diem* basis. Accordingly, the

District Court's decision to dismiss the retaliation claim is well-reasoned and should be affirmed.

## CONCLUSION

For the reasons set forth herein and appearing in the record, the Court should affirm the District Court's dismissal of the Plaintiff-Appellant's ADEA cause of action pursuant to Rule 12(b)(6), and accordingly affirm the dismissal of the second cause of action, brought under Section 1983, as well as the third cause of action brought pursuant to the New York State Human Rights Law Section 296.

Dated: Garden City, New York
     October 29, 2014

          RESPECTFULLY SUBMITTED,

          FRAZER & FELDMAN, LLP
          Attorneys for the Defendants-Appellees
          VALLEY STREAM UNION FREE
          DISTRICT 13, ELIZABETH
          LISON, CHRISTINE ZERILLO and
          FRANK HUPLONSKY
          1415 Kellum Place, Suite 201
          Garden City, NY 11530
          (516) 742-7777

          By:  /s/ Joseph W. Carbonaro
               Joseph W. Carbonaro

To: Famighetti & Weinick
    Attorneys for the Plaintiff-Appellant
    68 South Service Road, Suite 100
    Melville, New York 11747